

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney, Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-6180
Re: Under the given facts would
the Commissioners' Court of
Potter County have the legal
authority to pay a county
commissioner compensation
for operating a grader in
addition to his regular com-
pensation as a county com-
missioner

        Your letter of August 24, 1944, requesting the opinion
of this department on the questions stated therein is, in part, as
follows:

        "* * * Where a County Commissioner is absolutely
unable to employ anyone to run a grader, because of
the present labor shortage, and emergency conditions
make it necessary for certain road work to be done in
his precinct and such County Commissioner personally
operates such grader for a period of approximately
two months in connection with the performance of
such road work, would the Commissioners' Court of
such County be authorized to pay him compensation
for his services in operating the grader in addi-
tion to his regular compensation as a member of
the Commissioners' Court?

        "If you should hold that it ordinarily would
be improper or illegal for a County Commissioner
to be employed in such a capacity, then could the
County Commissioner be compensated for such serv-
ice on a quantum meruit basis?

        "* * *

Article 2351, Vernon's Annotated Civil Statutes, imposes upon the commissioners' courts the duties therein enumerated with reference to the supervision, construction and maintenance of public roads. This statute provides, in part, as follows:

"Each commissioners' court shall:

"* * *

"3. Lay out and establish, change and discontinue public roads and highways.

"4. Build bridges and keep them in repair.

"5. Appoint road overseers and apportion hands.

"6. Exercise general control over all roads, highways, ferries and bridges in their counties.

"* * *"

Article 2350, Vernon's Annotated Civil Statutes, is the general statute fixing the compensation of the various county commissioners. Generally speaking, the Constitution fixes the compensation of certain officers, and authorizes the Legislature to provide by law for the compensation of all officers, servants, agents and public contractors. (Article 3, Section 44, State Constitution) Pursuant to the authority thus conferred, numerous statutes have passed fixing the compensation of various classes of officers. As hereinbefore stated, the compensation of public officers is fixed by the Constitution or statutes. An officer may not claim or receive any money in his official capacity without a law authorizing him to do so, and clearly fixing the amount to which he is entitled. Public officers are entitled to only such compensation for the performance of their official duties as is provided and permitted by law. (Crosby County Cattle Company v. McDermett, 281 S. W. 293) The officer's right to compensation grows out of the rendition of the services and not out of any contract between him and the government, and the services shall be rendered by him. (State v. Dyche; 28 Texas 535)

An officer is not entitled to any compensation in addition to that which has been fixed by law for the performance of the duties of his office, even though the compensation so fixed is unreasonable or inadequate. He may be required by law to perform specific services or discharge additional duties for which no com-

pensation is provided. (See Texas Jurisprudence, Vol. 34, page 531 and the authorities cited therein) The obligation to perform such services is imposed as an incident to the office, and the officer by his acceptance thereof, is deemed to have engaged to perform them without compensation.

Article 1928 and Article 2340, V. A. C. S., provide:

"The County Judge shall, before entering upon the duties of his office, execute a bond payable to the treasurer of his county to be approved by the commissioners court of his county, in a sum of not less than one thousand nor more than ten thousand dollars, the amount to be fixed by the commissioners court, conditioned that he will pay over to the person or officer entitled to receive it, all moneys that may come into his hands as county judge, and that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

In view of the foregoing authorities and the facts as stated in your inquiry, it is the opinion of this department that both of the questions, as stated above, should be answered in the negative and are so answered. In connection with our answer to your questions, see the case of Cornutt vs. Clay County, 75 S. W. (2d), 299.

APPROVED SEP 8, 1944

_[signature]_

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _[signature]_

Ardell Williams

APPROVED
OPINION
COMMITTEE

BWB